# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLIFFORD BRANDON REPOTSKI, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. 19-CV-1663 |
| | : | |
| MONTGOMERY COUNTY | : | |
| PROBATION & PAROLE | : | |
| DEPARTMENT, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**GOLDBERG, J.**                                                                                                                **MAY 22, 2019**

Plaintiff Clifford Brandon Repotski filed this civil action against the Montgomery County Probation and Parole Department, the Chester County Adult Probation and Parole Department and Pretrial Services, and the Honorable Steven T. O'Neill. Repotski primarily claims that the imposition of polygraph testing in connection with court-ordered treatment as a condition of his probation or parole violates his rights and discriminates against him because such testing exacerbates his medical conditions and could cause him serious harm. Repotski also moved to proceed *in forma pauperis*. Although the case has not yet been served, the Defendants filed a Motion to Dismiss. The Court will grant Repotski leave to proceed *in forma pauperis* and dismiss the Complaint with leave to amend one claim.

    **I.**     **FACTS**

Repotski pled guilty to possession of child pornography in 2012 in the Montgomery County Court of Common Pleas. *See Commonwealth v. Repotski*, Docket No. CP-46-CR-0001643-2011. Judge O'Neill sentenced Repotski to less than a year of imprisonment and a six-year term of probation. *Id.* As part of his sentence, Repotski was obligated to attend sex offender treatment

1

and to comply with the registration requirements of Megan's Law. *Id.* Repotski's appeal and post-conviction petition were unsuccessful. *Id.* In 2016, Repotski violated the terms of his probation and was incarcerated for a period of time.

The state court docket and documents attached to the Complaint reflect that in 2018, Repotski filed a "Petition for Emergency Relief from Supervision Polygraph Testing, Based on American Disabilities Act, Hate Crimes Act of 2009, the Matthew Shepard Hate Crimes Prevention Act, and Constitutional Violations." *Id.* Judge O'Neill dismissed that petition, concluding that he lacked jurisdiction to provide the requested relief.

In the instant civil action, Repotski alleges that he should be exempt from polygraph testing as a condition of his treatment program, because he suffers from seizures and a "reflex disorder." (Compl. at 10.)[1] Since 2013, he has obtained notes from doctors recommending that he should not be required to sit for a polygraph test because the stress of the test could trigger a seizure. Repotski also suffers from anxiety, depression, and bipolar disorder, which he claims are exacerbated by the polygraph testing. Copies of the doctor's notes are attached to the Complaint. Repotski also attached to his Complaint documentation reflecting that Commonwealth Clinical Group, which is administering his court-ordered treatment, intends to schedule him for a polygraph test following Judge O'Neill's denial of his request for an exemption.

Based on those allegations, Repotski brings claims pursuant to 42 U.S.C. § 1983 for various constitutional violations and claims against the two probation and parole departments pursuant to the Rehabilitation Act (RA).[2] (Compl. at 9.) Reposki challenges Judge O'Neill's denial of his

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

[2] The Complaint also cites 18 U.S.C. § 241, but that criminal statute does not provide a basis for civil liability. *See Colon-Montanez v. Pennsylvania Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (per curiam) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide

petition to be excused from polygraph testing and claims that the Judge violated his rights by denying the petition without holding a hearing and by subjecting him to the polygraph test. Repotski also alleges that all Defendants are liable under 20 Pa. Cons. Stat. § 5608.1 for failing to honor a 2011 power of attorney held by mother, Cynthia Yoder, "[d]ue to not consulting with her for the sake of [his] well being." (*Id.* at 10.) Repotski seeks compensatory and punitive damages, as well as an order exempting him from taking the polygraph test and enforcing the power of attorney.

## II.   STANDARD OF REVIEW

The Court will grant Repotski leave to proceed *in forma pauperis* because it appears that he cannot afford to pre-pay the fees to commence this civil action. As Repotski is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As

---

no private right of action for use by a litigant such as Colon–Montanez."). Accordingly, the Court will dismiss any claims raised under that statute, and any other criminal statutes, as legally baseless. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Furthermore, to the extent Repotski takes issue with his counsel's performance, (Compl. at 11), the Court has rejected his and his mother's claims in prior lawsuits and does not read the Complaint to reassert those claims here. *See Repotski v. AMS Law PC*, Civ. A. No. 17-3311 (E.D. Pa.); *see also Yoder v. Office of the Dist. Att'y, Montgomery Cty.*, Civ. A. No. 19-1274 (E.D. Pa.).

3

Repotski is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

**A. Section 1983 Claims**

Repotski has not stated a legal basis for a § 1983 claim against the Defendants. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Montgomery County Probation and Parole Department and Chester County Adult Probation and Parole Department and Pretrial Services are not "persons" for purposes of § 1983 and, as arms of the Commonwealth, are entitled to Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision); *see Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008) ("As an arm of the State, an individual judicial district and its probation and parole department are entitled to Eleventh Amendment immunity."). Any claims against Judge O'Neill in his official capacity are essentially claims against the Commonwealth and, accordingly, fail for the same reasons. *See Will*, 491 U.S. at 70-71. Furthermore, Judge O'Neill is entitled to absolute immunity from civil rights claims in his individual capacity that are based on acts or omissions taken in his judicial capacity while presiding over Repotski's case, including his imposition of Repotski's sentence and his denial of Repotski's motions. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per

curiam). In sum, as none of the Defendants are subject to suit under § 1983, the Court will dismiss Repotski's § 1983 claims as legally meritless.

### B. Rehabilitation Act Claims

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). "To state a claim under § 504 [of the Rehabilitation Act], a plaintiff must demonstrate that: (1) she is a qualified individual with a disability; (2) she was denied the benefits of a program or activity of a public entity which receives federal funds; and (3) she was discriminated against based on her disability." *Calloway v. Boro of Glassboro Dep't of Police*, 89 F. Supp. 2d 543, 551 (D.N.J. 2000). "Under the Rehabilitation Act, States waive their immunity when they accept federal funds." *Haybarger*, 551 F.3d at 195. However, "[p]unitive damages are not available" under the RA. *See A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 804 (3d Cir. 2007).

Here, Repotski alleges that the probation and parole departments are discriminating against him in the administration of his parole by failing to account for his documented disabilities. However, he does not allege that those Defendants receive federal funds. Accordingly, the Court will dismiss Repotski's Rehabilitation Act claims and give him an opportunity to amend those claims. However, the Court will dismiss Repotski's request for punitive damages under the Rehabilitation Act with prejudice.

### C. Power of Attorney

Repotski alleges that the Defendants failed to honor a 2011 power of attorney held by his mother by neglecting to "consult" with his mother concerning his "well being." (Compl. at 10.)

5

He alleges that those actions violate 20 Pa. Cons. Stat. § 5608.1, which provides a basis for "[c]ivil liability for pecuniary harm to the economic interests of the principal proximately caused by [a] person's refusal to comply with the instructions of the agent designated in the power of attorney." 20 Pa. Cons. Stat. § 5608.1. However, that statue took effect on July 2, 2014, and does not apply retroactively to powers of attorney. *See Estate of Kane*, No. 2158 EDA 2016, 2017 WL 1437516, at *6 (Pa. Super. Ct. Apr. 24, 2017) ("[B]ecause the power of attorney at issue was on its face signed, dated, and acknowledged on September 10, 2012, the 2014 amendments that Appellant relies on, which took effect on July 2, 2014, almost two years later, are not relevant to our review." (footnoted omitted)). Accordingly, the statute relied on by Repotski is inapplicable to his power of attorney, so the Court will dismiss these claims.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Repotski's claims with prejudice with the exception of his Rehabilitation Act claims for injunctive relief and compensatory damages against the Montgomery County Probation and Parole Department and the Chester County Adult Probation and Parole Department and Pretrial Services, which will be dismissed without prejudice to Repotski filing an amended complaint as to those claims. Amendment of the other claims would be futile. The Motion to Dismiss is denied as moot because the Court dismissed this case on screening pursuant to 28 U.S.C. § 1915. An Order follows.