# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLIFFORD BRANDON REPOTSKI,** : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 19-CV-1663 |
| : | |
| **MONTGOMERY COUNTY** : | |
| **PROBATION & PAROLE** : | |
| **DEPARTMENT,** *et al.*, : | |
| Defendants. : | |

## ORDER

AND NOW, this 22nd day of May, 2019, upon consideration of Plaintiff Clifford Brandon Repotski's Motion to Proceed *In Forma Pauperis* (ECF No. 1), and his *pro se* Complaint (ECF No. 2), Defendants' Motion to Dismiss (ECF No. 6), and Plaintiff's Motions for Appointment of Counsel (Doc. Nos. 3 & 8) it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Complaint is **DISMISSED** as legally meritless and for failure to state a claim as follows:

   a. Repotski's claims against Judge Steven T. O'Neill, his claims pursuant to 42 U.S.C. § 1983, his claims under criminal statutes, his claims pursuant to 20 Pa. Cons. Stat. § 5608.1, and his claims for punitive damages under the Rehabilitation Act, are **DISMISSED with prejudice** for the reasons set forth in the Court's Memorandum.

   b. The Clerk of Court shall **TERMINATE** Judge Steven T. O'Neill as a party to this case.

c. Repotski's remaining Rehabilitation Act claims are **DISMISSED without prejudice** to amendment in accordance with paragraph four (4) of this Order.

4. Repotski is given thirty (30) days to file an amended complaint as to his Rehabilitation Act claims for injunctive relief and compensatory damages against the Montgomery County Probation and Parole Department and the Chester County Adult Probation and Parole Department and Pretrial Services. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Repotski's claims against each defendant. When drafting his amended complaint, Repotski should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5. The Clerk of Court shall **SEND** Repotski a blank copy of the Court's form complaint to be used by a non-prisoner filing a civil action bearing the civil action number for this case. Repotski may use this form to file an amended complaint if he chooses to do so.

6. If Repotski fails to file an amended complaint, this case may be dismissed without prejudice for failure to prosecute without further notice.

7. The Motion to Dismiss is **DENIED** as moot.

8. The Motion for Appointment of Counsel is **DENIED**.[1]

---

[1] A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. See Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir.1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. Tabron, 6 F.3d at 155. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such

BY THE COURT:

*/s/ Mitchell S. Goldberg*

**MITCHELL S. GOLDBERG, J.**

---

investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. See Montgomery v. Pinchak, 294 F.3d 492, 498–99 (3d Cir. 2002); Tabron, 6 F.3d at 155–56.

        Several of the Tabron factors weigh against the appointment of counsel at this time. Plaintiff has not demonstrated that the case is so factually or legally complex as to warrant an attorney. Moreover, Plaintiff has not shown any hardship in litigating the matter *pro se*. Finally, as his case has been dismissed with leave to amend, Plaintiff has not established that his claims have legal merit. Should new circumstances reveal that appointment of counsel is warranted as this case proceeds, Plaintiff may renew his motion for appointment of counsel.