# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLIFFORD BRANDON REPOTSKI,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-1663 |
| | : | |
| **MONTGOMERY COUNTY** | : | |
| **PROBATION & PAROLE** | : | |
| **DEPARTMENT,** *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**GOLDBERG, J.**                                                                                **DECEMBER 4, 2019**

Plaintiff Clifford Brandon Repotski initiated this civil action by filing a Complaint challenging the imposition of polygraph testing in connection with court-ordered treatment as a condition of his probation or parole. He asserted that the condition violated his rights and discriminated against him because the testing exacerbates his medical conditions and could cause him serious harm. In a Memorandum and Order docketed on May 22, 2019, I granted Repotski leave to proceed *in forma pauperis*, dismissed his Complaint without prejudice, and gave Repotski leave to file an amended complaint. (ECF Nos. 9 & 10.) In response, Repotski's mother, Cynthia Yoder, on behalf of Repotski, filed a voluminous Amended Complaint, a Motion to Proceed *In Forma Pauperis*, and a Motion for Appointment of Counsel allegedly pursuant to a power of attorney she holds for him. (ECF No. 14, 15 & 16.)

In an Order entered on the docket July 31, 2019, I informed Yoder that she may not file documents on behalf of Repotski even though she holds a power of attorney.[1] (ECF No. 17.) On

---

[1] Yoder has been repeatedly informed that her power of attorney does not permit her to represent others in federal court. *See, e.g.*, *Yoder v. Dis. Att'y Montgomery Cty.*, No. 19-1898, 2019 WL 4898475, at *2 (3d Cir. Oct. 4, 2019) ("[A]s we have repeatedly explained to Yoder, an individual

that basis, I struck the Motion to Proceed *In Forma Pauperis*, noting that Repotski had, in any event already been granted leave to proceed *in forma pauperis*, and also struck the Motion for Appointment of Counsel. (*Id.*) I updated Repotski's address to reflect that he is currently incarcerated at the Montgomery County Correctional Facility, sent the Amended Complaint to Repotski, and informed him that he would be obligated to either sign the Amended Complaint to adopt it as his own or return with his own Amended Complaint. (*Id.*)

I subsequently received a letter from Repotski in which he indicated that he had not received any correspondence from since his incarceration and asked that Yoder be permitted to proceed on his behalf. (ECF No. 18.) In an Order entered on the docket August 30, 2019, I again informed Repotski that Yoder may not represent him, directed the Clerk of Court to send him copies of the Court's May 22, 2019 Memorandum and Order and July 31, 2019 Order, and explained to Repotski that he would be obligated to either sign the Amended Complaint drafted for him by Yoder to adopt it as his own or file his own Amended Complaint. (ECF No. 19.)

Shortly thereafter, I received what appears to be Repotski's assertion of his intention to adopt Yoder's Amended Complaint as his own, supplemented by additional pages he filed. (ECF No. 14-3 & 20.) Accordingly, I will accept the filing as Repotski's and screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the following reasons, I will dismiss the Amended Complaint. Repotski will not be permitted to file a second amended complaint in this case. The Motion to Dismiss (ECF No. 21), which was filed by the Defendants prior to service

---

proceeding pro se may not represent third parties in federal court, and a power of attorney is insufficient by itself to allow a non-lawyer to litigate on behalf of another."); *Yoder v. Office of Dist. Attorney Montgomery Cty.*, Civ. A. No. 19-1274, 2019 WL 1505867, at *2 (E.D. Pa. Apr. 5, 2019) ("The Court has explained to Ms. Yoder in numerous prior cases that she may not bring civil actions in the name of another person based on her allegedly holding a power of attorney.").

while this case was still being considered for screening under 28 U.S.C. § 1915(e)(2)(B) will be denied as moot in light of the dismissal of this case upon screening.

I.        FACTS AND PROCEDURAL HISTORY

    **A. Repotski's Underlying Criminal Conviction**

Repotski pled guilty to possession of child pornography in 2012 in the Montgomery County Court of Common Pleas. *See Commonwealth v. Repotski*, CP-46-CR-0001643-2011 (Montgomery Cty. Ct. of Common Pleas). The Honorable Steven T. O'Neill sentenced Repotski to less than a year of imprisonment and a six-year term of probation. *Id.* As part of his sentence, Repotski was obligated to attend sex offender treatment and to comply with the registration requirements of Megan's Law. *Id.* Repotski's appeal and post-conviction petition were unsuccessful. *Id.* Repotski filed a *habeas* petition in this Court, which was dismissed as untimely. *See Repotski v. Poust*, Civ. A. No. 15-2885 (E.D. Pa.) (Dec. 3, 2015 Order).

In 2016, Repotski violated the terms of his probation and was incarcerated for a period of time. In 2018, Repotski filed a "Petition for Emergency Relief from Supervision Polygraph Testing, Based on American Disabilities Act, Hate Crimes Act of 2009, the Matthew Shepard Hate Crimes Prevention Act, and Constitutional Violations." *See Commonwealth v. Repotski*, CP-46-CR-0001643-2011. Judge O'Neill dismissed that petition, concluding that he lacked jurisdiction to provide the requested relief.

Repotski was recently charged with violating the terms of his probation and incarcerated at the Montgomery County Correctional Facility. On July 11, 2019, following a hearing, Judge O'Neill sentenced Repotski to a term of five months to twelve months of imprisonment to be followed by a term of probation. *Id.* It appears Repotski is currently incarcerated pursuant to that judgment.

### B. Repotki's Prior Litigation in Federal Court

This is not the first lawsuit Repotski has filed based on his arrest and convictions. In 2013, Repotski and several of his family members filed a lawsuit in state court, which was removed to this Court, challenging among other things Repotski's arrest, the related search of his home, and his convictions for possession of child pornography. The Honorable Jeffrey L. Schmehl dismissed the case after concluding that many of Repotski's claims were not cognizable under § 1983 pursuant to the rule announced by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that he had not adequately stated any other basis for a claim. *See Strunk v. Chester Cty.*, Civ. A. No. 13-824, 2015 WL 865477, at *4 (E.D. Pa. Mar. 2, 2015) ("I find that Plaintiffs' false arrest, false imprisonment and malicious prosecution claims must fail pursuant to *Heck,* as a successful section 1983 claim for false arrest, false imprisonment or malicious prosecution would require Repotski's sentence to have been reversed on appeal or impaired by a collateral proceeding, which did not occur."). The Third Circuit Court of Appeals upheld the dismissal on slightly different grounds and modified the dismissal to clarify that any malicious prosecution claims, which were not cognizable at the time, were dismissed without prejudice. *Strunk v. E. Coventry Twp. Police Dep't*, 674 F. App'x 221 (3d Cir. 2016) (per curiam).

In July of 2017, Repotski sued his criminal defense attorneys, in this Court, claiming that they violated his civil rights by conspiring with the District Attorney's Office to secure his conviction on the child pornography offenses. *See Repotski v. AMS Law PC*, Civ. A. No. 17-3311 (E.D. Pa.). The Honorable Nitza I. Quiñones Alejandro dismissed Repotski's Complaint prior to service on the basis that Repotski could not challenge his intact convictions in a civil rights action. *See id.*, 2017 WL 3255139, at *2 (E.D. Pa. July 31, 2017) ("As plaintiff[']s convictions and sentence have not been reversed, expunged, or otherwise invalidated, he may not challenge the

constitutionality of those convictions in a civil rights action."). The Third Circuit affirmed, noting that any challenges to Repotski's conviction or probation violations were barred. *Repotski v. AMS Law PC*, 710 F. App'x 112, 113 (3d Cir. 2018) (per curiam) ("[T]o the extent that Repotski is asking the Court to vacate his conviction, a § 1983 complaint is not the proper vehicle for his request.").

In September of 2017, following the dismissal of the case he filed two months earlier, Repotski and Yoder initiated a new civil action in this Court. In that civil action, Repotski again challenged his 2011 arrest and his subsequent convictions for possession of child pornography. The Honorable Gene E.K. Pratter dismissed Repotski's complaint prior to service. Judge Pratter concluded that Repotski could not challenge his intact conviction in a § 1983 action and explained to him that criminal statutes were not a proper vehicle for civil claims. *See Repotski v. Schmehl*, Civ. A. No. 17-4036, 2017 WL 5632665, at *3 (E.D. Pa. Nov. 22, 2017).

In March of 2019, Yoder filed a civil action against numerous defendants raising claims related to Repotski's arrest and conviction, relying on a power of attorney she holds for her son. Judge Pratter dismissed the complaint prior to service, explaining to Yoder that she was not entitled to bring claims on her son's behalf by virtue of her power of attorney and concluding that Yoder failed to state a claim for relief based on the search of her home as related to the charges against Repotski "because Mr. Repotski himself granted the authorization." *See Yoder v. Office of Dist. Attorney Montgomery Cty.*, Civ. A. No. 19-1274, 2019 WL 1505867, at *2 (E.D. Pa. Apr. 5, 2019). Less than two weeks after the dismissal of Yoder's case, Repotski filed the instant civil action. The Third Circuit recently rejected Yoder's appeal of Judge Pratter's decision. *See Yoder v. Dis. Att'y Montgomery Cty.*, No. 19-1898, 2019 WL 4898475, at *1 (3d Cir. Oct. 4, 2019).

### C. The Instant Civil Action

On April 18, 2019, prior to his most recent incarceration, Repotski filed his initial Complaint against the Montgomery County Probation and Parole Department, the Chester County Adult Probation and Parole Department and Pretrial Services, and Judge O'Neill. He alleged that he should be exempt from polygraph testing as a condition of his treatment program, because he suffers from seizures and a "reflex disorder." (Compl. at 10.)[2] He noted that, since 2013, he obtained notes from doctors recommending that he should not be required to sit for a polygraph test because the stress of the test could trigger a seizure. Repotski also claims he suffers from anxiety, depression, and bipolar disorder, which he claimed was exacerbated by the polygraph testing. Copies of the doctor's notes were attached to the Complaint. Repotski attached to his Complaint documentation reflecting that Commonwealth Clinical Group, which was administering his court-ordered treatment, intended to schedule him for a polygraph test following Judge O'Neill's denial of his request for an exemption.

Presently, Repotski brought claims pursuant to 42 U.S.C. § 1983 for various constitutional violations and claims against the two probation and parole departments pursuant to the Rehabilitation Act ("RA").[3] (Compl. at 9.) Repotski challenged Judge O'Neill's denial of his petition to be excused from polygraph testing and claimed that the Judge violated his rights by denying the petition without holding a hearing and by subjecting him to the polygraph test. Repotski also alleged that all Defendants were liable under 20 Pa. Cons. Stat. § 5608.1 for failing

---

[2] I adopt the pagination assigned to Repotski's pleadings by the CM/ECF docketing system.

[3] The Complaint also cited 18 U.S.C. § 241, but that criminal conspiracy statute does not provide a basis for civil liability. *See Colon-Montanez v. Pennsylvania Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (per curiam) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant such as Colon–Montanez."). Accordingly, I dismissed any claims brought pursuant to that statute as legally baseless.

to honor a 2011 power of attorney held by Yoder, "[d]ue to not consulting with her for the sake of [his] well being." (*Id.* at 10.) Repotski sought compensatory and punitive damages, as well as an order exempting him from taking the polygraph test and enforcing the power of attorney.

I granted Repotski leave to proceed *in forma pauperis* and dismissed his § 1983 claims because the probation and parole departments are not persons subject to § 1983 and because Judge O'Neill was entitled to absolute judicial immunity. I also dismissed Repotski's RA claims against the probation and parole departments because Repotski failed to allege that those Defendants received federal funds and, thus, were subject to the RA. I also observed that punitive damages are not available under the RA. Additionally, I dismissed any claims related to the failure to honor a power of attorney because the cited statute was inapplicable. Repotski was given leave to file an amended complaint only as to his RA claims for injunctive relief and compensatory damages.

The Amended Complaint filed by Yoder and later adopted by Repotski exceeds 200 pages and is comprised of numerous exhibits. Rather than returning with an amended RA claim against the Montgomery County Probation and Parole Department and the Chester County Adult Probation and Parole Department and Pretrial Services, Repotski indicates that he is bringing claims under § 1983[4] against those entities and a group of individual Defendants employed by

---

[4] Repotski again cites criminal statutes as the basis for his claims. As noted above, *supra* note 3, criminal statutes do not provide a basis for civil liability so I will again dismiss any claims brought pursuant to these statutes as legally frivolous. Likewise, any requests for the prosecutions of others (*see* ECF No. 14 at 25), are legally baseless. *See Godfrey v. Pennsylvania*, 525 F. App' x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[F]ederal courts lack the power to direct the filing of criminal charges."), *aff'd*, 572 F. App' x 68 (3d Cir. 2014) (per curiam).

7

those entities.[5] (Am. Compl. ECF No. 14 at 4-5.) He indicates that the events giving rise to his claims began in February of 2011 and are ongoing. (*Id.* at 6.)

The focus of Repotski's claims is now his 2011 arrest, his 2012 conviction for possession of child pornography, his probation violations, and the administration of his probation going back to 2012. He also includes numerous details about his life and family situation that do not relate to his claims against the Defendants.[6] The Amended Complaint also attempts to resurrect prior litigation that Repotski and/or Yoder filed in this Court related to Repotski's criminal case and alludes to issues stemming from the conditions of Repotski's current confinement.

## II.    STANDARD OF REVIEW

As Repotski is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require that I dismiss the Amended Complaint if it is frivolous, malicious, or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably

---

[5] Buried in the voluminous attachments to the Amended Complaint is a page with the heading "Might the Court consider Joining the following as additional Defendants" with a list of names and entities, as well as a page asking, "Might the Court consider Joining the following as additional Plaintiffs and Witness," which lists Yoder and her parents as possible Plaintiffs. (*See* ECF No. 14-2 at 86-87; *see also* ECF No. 20 at 6-8.) Even if I considered the additional individuals and entities to be Defendants, it is so unclear what the claims are against them that those claims would fail. There is also no basis to add Repotski's family members as plaintiffs, especially since most of the allegations pertaining to them have been resolved in prior lawsuits as discussed below.

[6] Yoder is enjoined from filing lawsuits related to foreclosure proceedings on her parents' home. *See Yoder v. Wells Fargo Bank, N.A.*, Civ. A. No. 18-3111 (E.D. Pa.) (ECF No. 7); *see also Yoder v. Wells Fargo Bank, N.A.*, 765 F. App'x 822, 825 (3d Cir. 2019) (per curiam) ("[W]e conclude that the District Court's injunction was warranted."). Some of the allegations in Repotski's Amended Complaint mimic Yoder's allegations from other lawsuits that she is now barred from reasserting in this Court. I will not consider allegations related to the foreclosure or claims concerning third parties that are not germane to Repotski's claims seeking relief for harm he suffered (as opposed to harm sustained by third parties). Any claims based on allegations concerning harm suffered by third parties are dismissed as frivolous.

8

meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). A claim is malicious when it "duplicates allegations of another [ ] federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *see also Lockhart v. Oakland Police Dep't*, Civ. A. No. 10-5483, 2010 WL 5387500, at *1 (N.D. Cal. Dec. 22, 2010) ("Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. 1915 as malicious." (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988))); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (same); *McGill v. Juanita Kraft Postal Serv.*, Civ. A. No. 03-1113, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quotations omitted); *Abdul-Akbar v. Dep't of Corr.*, 910 F. Supp. 986, 999 (D. Del. 1995) ("[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims.").

To survive dismissal for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Repotski is proceeding *pro se*, I construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, ___ F.3d ___, Civ. A. No. 17-3480, 2019 WL 4265187, at *14 (3d Cir. Sept. 10, 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424

9

F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 2019 WL 4265187, at *16 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.*

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.; see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 2019 WL 4265187, at *17 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III. DISCUSSION

#### A. Failure to Comply With Rule 8

Repotski's voluminous Amended Complaint suffers from several problems. First, I cannot say with certainty who the named Defendants are in this case. *See supra* n.5. Furthermore, even if I were to adopt the "List of Defendants" provided (see ECF No. 14 at 5), the Amended Complaint

still includes allegations that do not clearly relate to the named Defendants. The Amended Complaint is drafted in a stream of consciousness manner and incorporates so many apparently irrelevant and repetitive allegations, it is often difficult to discern which allegations form the basis for Repotski's claims in this case or determine the universe of claims he seeks to bring.[7] Viewing the submission as a whole, it is not clear who the Defendants are and what the basis for Repotski's claims are against each Defendant such that the Defendants could meaningfully respond to the allegations against them.

Nonetheless, I have attempted to understand the gist of Repotski's allegations and to evaluate the claims that appear to be the driving force behind his lawsuit. Repotski appears to be asserting § 1983 claims challenging his arrest, the search of his home in connection with his arrest, his conviction and related parole proceedings, and the conditions of his parole. For the following reasons, Repotski may not proceed on these claims.

**B. Claims Against the Entity Defendants**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As previously explained, the Montgomery County Probation and Parole Department and Chester County Adult Probation and Parole Department and Pretrial Services are not "persons" for purposes of § 1983 and, as arms of the Commonwealth, are entitled to Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled

---

[7] For example, Repotski includes allegations about the conditions of his current confinement. (ECF No. 14 at 16, 19, 23.) Those allegations are not related to Repotski's other claims, and, even if properly pled, would be severable under Federal Rule of Civil Procedure 21. Any claims based on Repotski's current conditions of confinement at the Montgomery County Correctional Facility will be dismissed without prejudice to him pursuing those claims in a new, separate lawsuit.

to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision); *see Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008) ("As an arm of the State, an individual judicial district and its probation and parole department are entitled to Eleventh Amendment immunity."). Accordingly, I will dismiss Repotski's § 1983 claims against the Montgomery County Probation and Parole Department and Chester County Adult Probation and Parole Department and Pretrial Services.

### C. Claims That are Not Cognizable

"[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).

As Repotski's convictions and sentence have not been reversed, expunged, or otherwise invalidated, he may not challenge the constitutionality of those convictions in a civil rights action. To the extent Repotski is asking me to vacate his convictions, (*see, e.g.*, ECF No. 14, at 17), such relief is only available in a *habeas corpus* proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). This principle has been explained to Repotski on numerous prior occasions. Similarly,

Repotski's challenges to his probation proceedings, including his most recent proceedings, (*see* ECF No. 14 at 16), are barred.[8] *See Repotski*, 710 F. App'x at 113 (citing *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (explaining that "[t]o the extent that he is challenging the actual validity of his probation proceedings, that claim is also barred by *Heck*").

### D. Claim Preclusion/Maliciousness

To the extent Repotski is raising claims that are cognizable, his claims based on his arrest and the related search of his home are nonetheless barred by claim preclusion. *Res judicata*, or claim preclusion, bars a claim that was brought or could have been brought in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Three elements are required for *res judicata* to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). "In determining whether *res judicata* applies, courts do not proceed mechanically, but focus on the central purpose of the doctrine, to require a plaintiff to present all

---

[8] To the extent Repotski's recent probation violation was based on his failure to comply with a requirement that he take a polygraph test or his removal from court-ordered programs on that basis, (*see* ECF No. 14-2 at 22), any challenges to the constitutionality of those conditions are barred because they would necessarily imply the invalidity of those probation proceedings. Although unclear, it appears Repotski is or may be challenging his recent probation proceedings in state court on some of the same grounds raised in the instant case. (*See id.* at 52-70.) To the extent he is pursuing RA claims, as in his initial Complaint, or ADA claims—neither of which is clear—there is an argument those claims are *Heck* barred as well. *See Davila v. Pennsylvania*, Civ. A. No. 11-1092, 2014 WL 1321010, at *8 (M.D. Pa. Mar. 28, 2014) ("A decision as to the alleged ADA and RA violations on the day of the plaintiff's guilty plea runs headlong into *Heck* in light of his facially valid conviction."). But even if they are not so barred, the Amended Complaint is too confused to establish which Defendants were involved in or responsible for the imposition of that condition or the events that led to the alleged violation. In other words, it is not clear what actually happened and who is responsible for the relevant events. It may also be the case, as noted below, that any such claims are time-barred.

13

claims arising out of the same occurrence in a single suit." *Egli v. Strimel*, 251 F. Supp. 3d 827, 835 (E.D. Pa. 2017) (internal quotations omitted). "*Res judicata* does not require the precluded claim to actually have been litigated; its concern, rather, is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim." *Shah v. United States*, 540 F. App'x 91, 93 (3d Cir. 2013) (per curiam).

Repotski has repeatedly raised claims based on his arrest and the related search of his home. He previously had a full and fair opportunity to litigate his claims. Accordingly, he may not reassert those claims in a new lawsuit merely because his prior efforts were unsuccessful. His repeated reassertion of duplicative claims related to his arrest, conviction, and probation violations (with the exception of the most recent probation violation), as well as matters related to Yoder's power of attorney, also supports dismissal of those claims as malicious.[9]

### E. Time-Barred Claims

Many of Repotski's claims are also time-barred. Repotski discusses conduct going back to 2011. Pennsylvania's two-year limitations period applies to Repotski's claims. See 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. Otherwise, the limitations period began to run when the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).

---

[9] Although Repotski may reassert any § 1983 claims that are currently barred by *Heck* in the event his convictions and/or probation violations are invalidated, that has not yet happened. Accordingly, Repotski's attempts to relitigate those claims under the current circumstances supports a finding of maliciousness.

To the extent his claims are cognizable and not barred by other principles, many are time-barred. Repotski discusses events or interactions occurring as early as 2011. Although it is at times unclear whether these events are described as background or as independent bases for a claim, assuming the latter, any alleged violation that accrued more than two years prior to the filing of this Complaint on April 18, 2019 is time-barred. That includes the probation condition Repotski previously challenged, which appears to have been imposed upon him in 2012 or 2013, in the event the claim is not otherwise barred by *Heck*.[10] (Am. Compl. ECF No. 14 at 9.)

**F. Remaining Claims**

Even if there are any remaining claims that are not covered by the above analyses, the bases for those claims are so unclear that they too fail. I have thoroughly reviewed the Complaint, but discern no clear basis for a plausible claim on behalf of Repotski against the Defendants initially identified or those identified in the Amended Complaint as Defendants. (*See* ECF No. 14 at 5.) It appears Repotski used the opportunity to file an Amended Complaint to relitigate old claims and advance issues that are unrelated to basis on which he was given leave to amend. As a result, I conclude that further attempts at amendment would be futile. Repotski is put on notice that if he files any new lawsuits that again assert claims that have already been rejected in an effort to relitigate those claims, he could be subjected to a prefiling injunction. *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will

---

[10] Any claims under the RA or Americans with Disabilities Act, to the extent not *Heck*-barred, are subject to the same statute of limitations and fail for the same reasons to the extent based on events that occurred prior to April 18, 2017. *See Katz v. Nat'l Bd. of Med. Examiners*, 751 F. App'x 231, 235 (3d Cir. 2018) (per curiam) (explaining that clams under Title II or Title III of the ADA and claims under § 504 of the RA "are subject to Pennsylvania's two-year statute of limitations on personal injury actions").

continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process.").

## IV. CONCLUSION

For the foregoing reasons, I will dismiss Repotski's Amended Complaint. Repotski has already been given an opportunity to amend in the event he could state a plausible claim. As noted above, he used that opportunity to relitigate claims that have already been dismissed in other cases and to assert claims with legal defects that have already been explained to him. He and Yoder have also repeatedly requested that Yoder be able to represent Repotski, which is improper under federal law. Accordingly, I conclude that further attempts at amendment would be futile. Repotski's request for appointment of counsel contained in his Amended Complaint, (*see* ECF No. 20 at 34), is denied. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). The Motion to Dismiss (ECF No. 21), which was filed by the Defendants prior to service while this case was still being considered for screening under 28 U.S.C. § 1915(e)(2)(B) was not considered in drafting this Memorandum and will be denied as moot. An Order follows.