IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLIFFORD BRANDON REPOTSKI,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 19-CV-1663** |
| | : | |
| **MONTGOMERY COUNTY** | : | |
| **PROBATION & PAROLE** | : | |
| **DEPARTMENT,** *et al.*, | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 4th day of December, 2019, upon consideration of Clifford Brandon Repotski's Amended Complaint (ECF Nos. 14 & 20), and the Defendants' Motion to Dismiss (ECF No. 21), it is **ORDERED** that:

1. Repotski's Amended Complaint is **DISMISSED WITH PREJUDICE** for the reasons discussed in the Court's Memorandum, with the exception of the following claims, which are **DISMISSED WITHOUT PREJUDICE**:

    a. Claims dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) are **DISMISSED WITHOUT PREJUDICE**. Repotski may file a new case only in the event his conviction, sentence, or probation proceedings are reversed, vacated, or otherwise invalidated.

    b. Claims challenging Repotski's current conditions of confinement at the Montgomery County Correctional Facility are **DISMISSED WITHOUT PREJUDICE**. Repotski may file a new, separate civil action against Defendants who are responsible for those conditions and any related alleged violations of Repotski's rights.

2. Repotski is **PLACED ON NOTICE** that if he files any new lawsuits that reassert claims that have already been rejected in an effort to relitigate those claims, he could be subjected to a prefiling injunction. *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process.").

3. The Motion to Dismiss (ECF No. 21) is **DENIED AS MOOT** and was not considered in the drafting of the Court's Memorandum screening this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

4. The Clerk of Court shall **CLOSE** this case.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*

**MITCHELL S. GOLDBERG, J.**